1
2
3
4

5  UNITED STATES DISTRICT COURT

6  EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| 7  KARRIE BLAKESLEY and SHANE BLAKESLEY, as Parents and<br>8  Guardians for minor child, C.B., | NO. 2:20-CV-0314-TOR |
| 9  Plaintiffs, | ORDER GRANTING DEFENDANT'S MOTION TO DISMISS |
| 10  v. | |
| 11  COUNTY OF SPOKANE, | |
| 12  Defendant. | |

13

14     BEFORE THE COURT is Defendant Spokane County's Motion to Dismiss

15 Pursuant to FRCP 12(b)(6) and Rule 12(c) (ECF No. 14). This matter was

16 submitted for consideration without oral argument. The Court has reviewed the

17 record and files herein, and is fully informed. For the reasons discussed below,

18 Defendant Spokane County's Motion to Dismiss Pursuant to FRCP 12(b)(6) and

19 Rule 12(c) (ECF No. 14) is **GRANTED**.

20 //

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS ~ 1

**BACKGROUND**

This case arises from alleged injuries sustained to minor Plaintiff C.B. at Spokane County's Juvenile Detention Center. *See* ECF No. 1. On September 2, 2020, the complaint was filed by Plaintiffs Karrie Blakesley and Shane Blakesley as parents and guardians for minor child C.B. against Defendant County of Spokane. ECF No. 1 at 1.[1] The complaint raises the following causes of action: (1) violation of 42 U.S.C. § 1983 under the Fourteenth Amendment, (2) violation of 42 U.S.C. § 1983 under the Fourth Amendment, (3) violation of 42 U.S.C. § 1983 for failure to train/deliberate indifference, (4) negligence, and (5) vicarious liability. ECF No. 1 at 6-13, ¶¶ 26-61.

On May 20, 2021, Defendant filed the present motion. ECF No. 14. The parties timely filed their respective response and reply. ECF Nos. 15, 17. The following facts are drawn from Plaintiffs' complaint and declaration, which are accepted as true for the purposes of the present motion. *Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012).

On December 19, 2019, minor Plaintiff C.B. was detained by the Spokane County Sheriff's Office for suspicion of being a minor in possession and

---

[1] On February 22, 2021, the Court appointed Karrie Blakesley as the Guardian ad Litem for minor Plaintiff C.B. ECF No. 13.

consumption of alcohol. ECF No. 1 at 3, ¶ 7. C.B. was handcuffed, placed into a patrol car, and transported to the Spokane County Juvenile Detention Center. ECF No. 1 at 3, ¶ 8. Upon arrival, C.B. was taken to an intake area surveilled by video to begin the booking process. ECF No. 1 at 3, ¶ 9. While in the intake area, C.B. remained handcuffed as the only detainee present, surrounded by Spokane County employees, including law enforcement officers. ECF NO. 1 at 4, ¶ 11. Spokane County law enforcement officers questioned C.B., who exercised his right to remain silent and refused to answer questions without the presence of his parents or an attorney. ECF No. 1at 4, ¶ 13.

When C.B. refused to answer questions, Spokane County law enforcement officers attempted to place C.B. in a holding cell. ECF No. 1 at 4, ¶ 14. A Spokane County corrections officer demanded C.B. stand up, and grabbed C.B.'s arm to raise him to his feet while he remained handcuffed. ECF No. 1 at 4, ¶ 15. C.B. moved his shoulder away as he stood up to voluntarily walk to the holding cell. ECF No. 1 at 5, ¶ 16. When C.B. moved his shoulder, the corrections officer and two other staff members took C.B. to the ground. ECF No. 1 at 5, ¶ 17. Because C.B. was still handcuffed, he was unable to break his fall so he hit his head on the concrete floor and heard his left leg snap. ECF No. 1 at 5, ¶¶ 18-19. C.B. screamed out in pain, cried, and begged for the Spokane County employees to get off him before he passed out due to the pain. ECF No. 1 at 5, ¶¶ 20-21.

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS ~ 3

Following C.B.'s fall, a Spokane County nurse was called in to examine C.B.'s leg that was bent at the knee out of place, which she assessed to be either a dislocation or a fracture. ECF No. 1 at 6, ¶ 22. The nurse reported C.B.'s injury as the result of slipping on the floor. ECF No. 1 at 6, ¶ 22. C.B. was rushed to the emergency room via an ambulance and surgery was performed on the left leg. ECF No. 1 at 6, ¶ 23. Spokane County employees initially would not let C.B.'s mother or father visit him at the hospital after being informed of C.B.'s injury. ECF No. 1 at 6, ¶ 24.

Pursuant to Spokane County Juvenile Detention Policy 9.11, physical force on minor children is allowed in the following situations: (1) self-defense; (2) defense of third persons; (3) enforcement of facility rules and regulation pertaining to safety and security; (4) prevention of a crime; (5) or to protect a youth from self-harm/suicide. ECF No. 15 at 4, ¶ 9.

## DISCUSSION

### 1. Motion to Dismiss Standard

"After the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). In reviewing a Rule 12(c) motion, the court "must accept all factual allegations in the complaint as true and construe them in the light most favorable to the non-moving party." *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009). "Analysis under Rule

12(c) is substantially identical to analysis under Rule 12(b)(6) because, under both rules, a court must determine whether the facts alleged in the complaint, taken as true, entitle the plaintiff to a legal remedy." *Chavez*, 683 F.3d at 1108 (internal quotation marks and citation omitted). "A judgment on the pleadings is properly granted when, taking all the allegations in the non-moving party's pleadings as true, the moving party is entitled to judgment as a matter of law." *Marshall Naify Revocable Trust v. United States*, 672 F.3d 620, 623 (9th Cir. 2012) (quoting *Fajardo v. Cty. of Los Angeles*, 179 F.3d 698, 699 (9th Cir. 1999)).

"Federal pleading rules call for 'a short and plain statement of the claim showing that the pleader is entitled to relief,' Fed. Rule Civ. Proc. 8(a)(2); they do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 11 (2014) (citation omitted). "The burden of demonstrating that no claim has been stated is upon the movant." *Glanville v. McDonnell Douglas Corp.*, 845 F.2d 1029 (9th Cir. 1988). A motion to dismiss for failure to state a claim will be denied if the plaintiff alleges "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

While the plaintiff's "allegations of material fact are taken as true and construed in the light most favorable to the plaintiff" the plaintiff cannot rely on
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS ~ 5

"conclusory allegations of law and unwarranted inferences … to defeat a motion to dismiss for failure to state a claim." *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1403 (9th Cir. 1996) (citation and brackets omitted). That is, the plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements." *Twombly*, 550 U.S. at 555. When deciding, the Court's review is limited to the complaint, documents incorporated into the complaint by reference, and judicial notice. *Metzler Inv. GMBH v. Corinthian Colleges, Inc.*, 540 F.3d 1049, 1061 (9th Cir. 2008) (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)).

As an initial matter, Plaintiffs filed a declaration in support of their response, which included Spokane Juvenile Detention Policy 9.11 on the use of physical force. ECF No. 16. Plaintiffs assert that the Court should convert the present matter into a Rule 56 summary judgment motion so as to allow the Court to review the attached policy. ECF No. 15 at 10-11. The Court finds that the policy is incorporated by reference to Plaintiffs' complaint, making a conversion to a Rule 56 motion pursuant to Federal Rule of Civil Procedure 12(d) unnecessary. *See* ECF No. 1 at 10, ¶ 48; *Metzler*, 540 F.3d at 1061.

### 2. County Liability

Defendant argues that Plaintiffs' complaint for violations of the Fourteenth and Fourth Amendment (Causes of Action numbered One and Two) must be

dismissed against Defendant for failure to allege that a County employee acted pursuant to a long-standing practice or custom violative of C.B.'s rights. ECF No. 14 at 6. Plaintiffs asserts that the complaint states a viable claim against the County for failure to train/deliberate indifference (Cause of Action number Three). ECF No. 15.

"In order to set forth a claim against a municipality under 42 U.S.C. § 1983, a plaintiff must show that the defendant's employees or agents acted through an official custom, pattern or policy that permits deliberate indifference to, or violates, the plaintiff's civil rights; or that the entity ratified the unlawful conduct." *Shearer v. Tacoma Sch. Dist. No. 10*, 942 F. Supp. 2d 1120, 1135 (W.D. Wash. 2013) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978)). As such, a policy, practice or custom can be established in three ways: (1) an employee acts pursuant to an expressly adopted official policy, (2) an employee acts pursuant to a longstanding practice or custom, or (3) an employee acts as a final policymaker. *Lytle v. Carl*, 382 F.3d 978, 982-83 (9th Cir. 2004). Absent a formal governmental policy, a plaintiff must show a "longstanding practice or custom which constitutes the standard operating procedure of the local governmental entity." *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996) (quoting *Gillette v. Delmore*, 979 F.2d 1342, 1346-47 (9th Cir. 1992)). "Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of

sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy." *Id.* at 918; *see also Meehan v. Cty. of Los Angeles*, 856 F.2d 102, 107 (9th Cir. 1988) (two incidents insufficient to establish custom).

To plead a *Monell* claim against a local governmental entity, the complaint "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively," and "the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *AE ex rel. Hernandez v. Cty. of Tular*, 666F.3d 631, 637 (9th Cir. 2012) (internal quotation marks and citation omitted).

Here, Defendant moves to dismiss Causes of Action One and Two against the County on the grounds that Plaintiffs' complaint does not allege (1) "that a county employee was acting pursuant to an official policy that violates his rights;" (2) "that a juvenile detention employee was acting pursuant to a long-standing practice or custom violative of his rights;" nor (3) that an "individual who committed the wrong had final decision-making authority or that a final decision maker ratified the subordinate's actions as claimed to be violative of his Fourteenth and Fourth Amendment rights." ECF No. 14 at 6. Plaintiffs oppose Defendant's motion, arguing that Defendant "ignores that liability may also attach as a result of

a failure to train resulting in a deliberate indifference to C.B.'s rights." ECF No. 15 at 8.

Here, Plaintiffs' argument that they have sufficiently stated a claim under a failure to train theory – which is pled as Claim Three – is not at issue in the present motion. ECF No. 14. Plaintiffs' complaint is devoid of facts that employees acted pursuant to a formal governmental policy as well as devoid of facts alleging a longstanding practice or custom or that a final policy maker acted to ratify the conduct. ECF No. 1. Plaintiffs confirm that the facts alleged do not support that employees acted pursuant to a formal governmental policy: "None of the instances allowing the use of physical force against C.B. were present at the time he was taken to the ground by three adult staff while handcuffed and severely injured." ECF No. 15 at 4, ¶ 10. At best, Plaintiffs allege that Spokane County employees acted contrary – not pursuant – to Spokane County Juvenile Detention Policy 9.11. Plaintiffs' complaint alleges an isolated incident of excessive force – this is insufficient to establish a policy, practice, or custom under the Fourth and Fourteenth Amendments to support claims against Spokane County outside of Plaintiffs' failure to train theory. *Trevino*, 99 F.3d at 918. Therefore, Defendant's Motion to Dismiss is granted.

//

//

**3. Leave to Amend**

Rule 15(a)(2) instructs courts to "freely give leave [to amend] when justice so requires." "This policy is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (internal citation and quotation marks omitted). However, a court may deny leave to amend "due to undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party…, and futility of amendment." *Zucco Partners, LLC v. Digimarc Ltd.*, 552 F.3d 981, 1007 (9th Cir. 2009) (internal citation and quotation marks omitted).

Federal Rule of Civil Procedure 15(a) governs amendment of the pleadings prior to the court's filing of a pretrial scheduling order. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607–08 (9th Cir. 1992). After entry of the scheduling order, a party may seek leave to amend the pleadings only if they first satisfy the "good cause standard" of Rule 16(b)(4). *See id.*, 975 F.2d at 608; *see also* Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."). Here, the time within which to file a motion to amend the pleadings or add parties expired on February 5, 2021. *See* Jury Trial Scheduling Order, ECF No. 11 at 2.

Defendant asserts that leave to amend should be denied where "Plaintiff is unable to set forth any policy for excessive force by Spokane County while interacting with juveniles who are being booked into its juvenile detention center." ECF No. 17 at 5-6.

The policy that Plaintiffs provided does not permit excessive force, nor have Plaintiffs identified any other policy, practice, or custom of Spokane County that led to or sanctioned the employees' conduct. Therefore, the Court denies Plaintiffs leave to amend the complaint to supplement Causes of Action One and Two.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Defendant Spokane County's Motion to Dismiss Pursuant to FRCP 12(b)(6) and Rule 12(c), ECF No. 14, is **GRANTED**. Causes of Action One and Two are **DISMISSED**.

2. Plaintiffs are denied leave to amend the complaint for lack of good cause, apparent futility and expiration of the deadline to amend.

The District Court Executive is directed to enter this Order and furnish copies to counsel.

DATED July 9, 2021.



THOMAS O. RICE
United States District Judge

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS ~ 11